**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**WHITE PLAINS**

**CASE NO.:  7:23-cv-09891**

BRUCE CAMERON DAVIDSON,

                         Plaintiff,

v.

925 LLC dba 9TO5MAC,

                         Defendant,

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff BRUCE CAMERON DAVIDSON by and through his undersigned counsel,

brings this Complaint against Defendant 925 LLC dba 9TO5MAC for damages and injunctive

relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1.      Plaintiff BRUCE CAMERON DAVIDSON ("Davidson") brings this action for

violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute

Davidson's original copyrighted Work of authorship.

2.      Davidson is a photographer who has found a way to shoot landscapes from

different perspectives and create graphic images that challenge the viewer's expectations. He has

traveled all over the world, spent countless hours flying around in helicopters, and embraced

extreme temperatures all to capture the most spectacular aerial photographs. Davidson has been

published in over thirty publications, has photographed campaigns for numerous brands, and

won awards in Lürzers Archive, Communication Arts, Graphis and American Photographer.

3.      Defendant 925 LLC dba 9to5Mac ("925") is established in 2007 between the announcement and the launch of the iPhone from owner, Seth Weintraub, Paris apartment. 9to5Mac was the first website in the 925 brand that covered all things Apple. The company has since grown to include 9to5Google, 9to5toys, Electrek.co, and DroneDJ. Together these five sites cover the tech landscape while creating verticals for an audience divided by the ecosystems they follow. The sites see close to three million pageviews per day and the blogs are often picked up by the biggest names in publishing.   At all times relevant herein, 925 owned and operated the internet website located at the URL https://9to5mac.com/ (the "Website").

4.      Davidson alleges that Defendant copied his copyrighted Work from the internet in order to advertise, market and promote its business activities.  925 committed the violations alleged in connection with its business.

## JURISDICTION AND VENUE

5.      This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6.      This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7.      Defendant is subject to personal jurisdiction in New York.

8.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, 925 engaged in infringement in this district, 925 resides in this district, and 925 is subject to personal jurisdiction in this district.

## DEFENDANT

9.      925 LLC dba 9to5Mac is a New York Limited Liability Company, with its principal place of business at 195 Colabaugh Pond Rd, and can be served by serving its Registered Agent, 925 LLC, 195 Colabaugh Pond Drive, Croton On Hudson, NY, 10520.

**SRIPLAW**

CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

## THE COPYRIGHTED WORK AT ISSUE

10.     In 2018, Davidson created the photograph entitled "MM8746_180921_4510,"

which is shown below and referred to herein as the "Work".



11.     Davidson registered the Work with the Register of Copyrights on February 23,

2019, and was assigned registration number VAu-1-364-773.  The Certificate of Registration is

attached hereto as **Exhibit 1**.

12.     Davidson displayed the Work on his professional website at

https://www.aerialstock.com/-/galleries/silicon-valley-headquarters/apple/-/medias/f525ab24-

6bd5-4190-b279-78eddf370355-apple-park-cupertino-california ("the BCD Website").  At the

time he published the Work on the BCD Website and at all times thereafter, Davidson displayed

**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

usage and licensing rights to the public through the License Images[1] and Terms of Use[2] link on his website.

13. Davidson's display of the Work on the BDC Website also included copyright management information ("CMI") in the form of digitally embedded metadata, various copyright notices as well as visible and invisible watermarks (collectively, the "Attributions").

14. Davidson's Work is protected by copyright but was not otherwise confidential, proprietary, or trade secrets. The Work in perspective, orientation, positioning, lighting, and other details are entirely original, distinctive, and unique. As such, the Work qualifies as subject matter protectable under the Copyright Act.

15. At all relevant times Davidson was the owner of the copyrighted Work.

## INFRINGEMENT BY 925

16. 925 has never been licensed to use the Work at issue in this action for any purpose.

17. On a date after the Work was created, but prior to the filing of this action, 925 copied the Work.

18. On or about November 23, 2022, Davidson discovered the unauthorized use of his Work on the Website at the URL https://9to5mac.com/2020/09/02/developers-highlight-more-anomalies-in-apples-30-cut/.

19. 925 copied Davidson's copyrighted Work without Davidson's permission.

20. After 925 copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its reviews of Apple products and sales.

---

[1] https://www.aerialstock.com/license-images
[2] https://www.aerialstock.com/terms-of-use

21.     925 copied and distributed Davidson's copyrighted Work in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling products and services.

22.     925 committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

23.     Davidson never gave Defendant permission or authority to copy, distribute or display the Work at issue in this case.

24.     Davidson notified 925 of the allegations set forth herein on December 16, 2022. On December 16, 2022, 925 responded via email that the image had been deleted from their server.  To date, 925 has not responded any further; therefore, parties have failed to resolve this matter.

25.     When 925 copied and displayed the Work at issue in this case, 925 removed Davidson's copyright management information from the Work.

26.     Davidson never gave 925 permission or authority to remove copyright management information from the Work at issue in this case.


### COUNT I
### COPYRIGHT INFRINGEMENT

27.     Davidson incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28.     Davidson owns a valid copyright in the Work at issue in this case.

29.     Davidson registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

30.     925 copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Davidson's authorization in violation of 17 U.S.C. § 501.

31.     925 performed the acts alleged in the course and scope of its business activities.

32.     Defendant's acts were willful.

33.     Davidson has been damaged.

34.     The harm caused to Davidson has been irreparable.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

35.     Davidson incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

36.     The Work contains copyright management information ("CMI") in the form of Attributions on the BCD Website.

37.     925 knowingly and with the intent to enable or facilitate copyright infringement, displayed the Work on the Website without any of the Attributions in Violation of 17 U.S.C. § 1202(b).

38.     925 distributed the Work to Website knowing that the CMI had been removed or altered without authority of the copyright owner or the law.

39.     925 committed these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate or conceal infringement of Davidson's rights in the Work.

40.     925 caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Davidson's rights in the Work at issue in this action protected under the Copyright Act.

41.     Davidson has been damaged.

42.     The harm caused to Davidson has been irreparable.

**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

WHEREFORE, the Plaintiff BRUCE CAMERON DAVIDSON prays for judgment against the Defendant 925 LLC dba 9TO5MAC that:

        a.      925 and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501 and 1202;

        b.      925 be required to pay Davidson his actual damages and Defendant's profits attributable to the infringement, or, at Davidson's election, statutory damages, as provided in 17 U.S.C. §§ 504 and 1203;

        c.      Davidson be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

        d.      Davidson be awarded pre- and post-judgment interest; and

        e.      Davidson be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Davidson hereby demands a trial by jury of all issues so triable.

DATED: November 8, 2023           Respectfully submitted,


                      */s/ Rachel I. Kaminetzky*
                      Rachel I. Kaminetzky
                      rachel.kaminetzky@sriplaw.com

                      **SRIPLAW, P.A.**
                      175 Pearl Street
                      3rd Floor
                      Brooklyn, NY 11201
                      561.404.4350 – Telephone
                      561.404.4353 – Facsimile

                      *Counsel for Plaintiff Bruce Cameron Davidson*